NEWMAN, Senior Judge,
concurring:
I would vacate the order simply on the ground we explain in section II, that the Commission failed to exercise the independent judgment required of it in a contested case. We require the Zoning Commission itself, and not a party chosen by the Commission, to “make factual findings on each materially contested issue.” Durant I, 65 A.3d at 1167 (quoting Watergate E. Comm. Against Hotel Conversion to Co-op Apartments v. District of Columbia Zoning Comm’n, 953 A.2d 1036, 1042 (D.C.2008)). The Commission failed to do so here. However, since I cannot say, as a matter of law, that the 200-Footers are entitled to prevail on the merits, I join the court’s disposition of remanding for further appropriate consideration.
As noted, this case has a history. When it was first before the Commission, the Commission adopted in substantially verbatim form the findings of fact and conclusions of law submitted by the developer. It was this order which we found deficient in Durant I.[1] Upon remand, the Commission, erroneously referring to the developer as the “prevailing party,” entered a “procedural order” directing the developer to submit a “proposed order on remand that makes the determinations, explanations, and findings of fact required by the Opinion” (emphasis added).[2] This order also gave the 200-Footers and other interested entities a time period within which to “identifly] any alleged errors or omissions in the findings of fact and conclusions of law stated in the proposed order.” The 200-Footers did so. At a subsequent meeting of the Commission, it adopted the developer’s submission in what appears to be 99.9% verbatim including almost all the grammatical and typographical errors contained therein. As the court’s opinion further notes, the order “does not mention, much less address, any of the 200-Footers’ objections to the developer’s proposed order.” [3]
*263 The role of a factfinder, whether administrative or judicial, in a contested case is to neutrally find the facts, then apply the appropriate law and thus determine the outcome. It is not the proper function of such a factfinder to announce “you won, now tell me why.”[4]
Both this court and other courts have condemned this practice.[5] In spite of this continued condemnation, courts have remained reluctant to vacate orders where the practice is clearly evident. In my view, it is high time for this court to begin to do so. I would do so here.[6]

. In their first petition for review, the 200-Footers urged us to vacate that order because the Commission adopted the developer’s proposed order substantially verbatim. We rejected that invitation in Durant I, 65 A.3d at 1163.

. Implicit in a remand for further factfinding is the prospect that the facts as thereafter found may lead the decider to a different result. Declaring the developer the “prevailing party” may tend to indicate that the Commission summarily foreclosed that possibility before engaging in any deliberative process. Rather, the Commission seems to have thought it was only a scrivening problem. It was not.

. A skeptic might wonder whether there is any relationship between the Commission’s failure to address the 200-Footers' objection to the proposed Order and the fact that the developer filed no reply to the 200-Footers’ objections.

. In the late 1970’s, I attended a convention of the judges section of the American Bar Association in Atlanta, Georgia. There was a panel consisting of Judge Shirley Hufstedler, then of the U.S. Court of Appeals for the. 9th Circuit, and her husband, Seth Hufstedler, a prominent trial lawyer and past president of the ABA. The topic was what a trial judge expects of a trial lawyer and what a trial lawyer expects of a trial judge. Mr. Hufsted-ler emphasized that a trial lawyer expects a trial judge to neutrally find the facts, correctly apply the law to the facts thus found, and thereby determine the outcome. He emphasized that it is not proper to determine the outcome and then find the facts to support that conclusion. This is as true today as the day he said it.

. See, e.g., cases cited in the court's opinion, supra n. 3.

. It would well behoove the Commission and benefit the city it and we serve to get it procedurally correct on the third try.